**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

INA GROUP, LLC,                                                      Case No. 1:18-cv-733

      Plaintiff,

                                                      Barrett J.
vs.                                                                 Bowman, M.J.

NATHUBHAI PATEL, et al

      Defendants.

### REPORT AND RECOMMENDATION

Defendant Denise Harrison filed a pro se Notice of Removal in this Court. Ms. Harrison claims to be a party of interest in the sale of property owned by Plaintiff, Ina Group, LLC that was subject to a foreclosure action in the Hamilton County Court of Common Pleas. By separate Order issued this date, Ms. Harrison has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Ms. Harrison's Notice of Removal and documents submitted in support of removal to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Also, before the Court is Plaintiff's motion to remand this matter back to state court. (Doc. 2).

A tax certificate foreclosure action was filed in the Hamilton County Court of Common Pleas on May 16, 2016 concerning the property located at 9951 Voyager Lane, Cincinnati, OH 45252. Thereafter on October 3, 2016, the Court granted summary judgment and default judgment in favor of Plaintiff on the Complaint. Notwithstanding that there was a judgment of foreclosure rendered in favor of Plaintiff, Defendants Natubhai Patel and Taraben Patel entered into a land contract with Denise Harrison which

1

was recorded on August 30, 2017. Thereafter the property was sold to a third party at Sheriff's sale on August 31, 2017 to third party purchaser Kia's Supreme Concrete.

On September 18, 2017, Ms. Harrison filed a motion to intervene in the state court action. Plaintiff objected to the motion asserting that *lis pendens* barred Ms. Harrison's interest from attaching to the property of interest. Ms. Harrison was permitted to intervene but failed to redeem the property from the Sheriff's sale. Ultimately, the property was sold on July 28, 2018 to a third-party Purchaser. The Purchaser has now requested that the Plaintiff take action to acquire clear title to the property as issue. Notably, both the land contract and the deed presented by Defendant Harris include the signature of Natubhai Patell, despite Mr. Patel having died well before either of the documents were allegedly executed.

Furthermore, instead of appearing at a hearing on her Motion to Vacate, Defendant Harrison filed her Notice of Removal with this Court, which prevented the state court from finalizing the state foreclosure action. For the reasons that follow, this matter should be remanded back to state court.

The statute creating diversity of citizenship jurisdiction provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). A defendant can remove an action from state court to federal court if the federal court has original jurisdiction, including diversity of citizenship jurisdiction, over the case. 28 U.S.C. § 1441(a).

28 U.S.C. § 1446(b) generally requires removal within 30 days of service of the initial pleading. Furthermore under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is

removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A federal court must resolve any doubt concerning the propriety of removal in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *H.R. ex rel. Reuter v. Medtronic, Inc.,* 996 F.Supp.2d 671, 676 (S.D.Ohio 2014). The issue on a motion to remand is whether the case was properly removed in the first instance. *Provident Bank v. Beck,* 952 F.Supp. 539, 540 (S.D.Ohio 1996). The defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir.2000); *see also Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir.2001) (stating that defendant must prove the amount in controversy for diversity jurisdiction).

Here, Defendant Harrison first appeared in the state court action in October 2017. She did not file the notice of removal with this Court until October 2018. As such, the petition is untimely. Furthermore, Harrison's removal petition failed to obtain consent from all of the Defendants as required under 28 U.S.C. § 1446(b)(2)(A). Finally, this Court lacks jurisdiction under the removal statutes to consider the state foreclosure matter. See *Bank of Am., NA v. Smith*, No. 1:13CV598, 2013 WL 5521787, at *2 (S.D. Ohio Oct. 3, 2013) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)). (Plaintiff's foreclosure action was based solely on state law and did not require the resolution of any "actually disputed and

3

substantial" federal issue.)  Accordingly, as no basis for federal jurisdiction exists, this court lacks subject matter jurisdiction.

For the foregoing reasons, it is herein **RECOMMENDED** that Defendant's petition for removal be **DENIED**; Plaintiff's Motion to Remand (Doc. 2) be **GRANTED** and this matter be **REMANDED** to the Hamilton County, Ohio Court of Common Pleas. It is further **RECOMMENDED** that the Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Defendant Harrison leave to appeal *in forma pauperis.*

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

INA GROUP, LLC,                                           Case No. 1:18-cv-733

      Plaintiff,

                                             Barrett J.

      vs.                                                 Bowman, M.J.

NATHUBHAI PATEL, et al

Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).