# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

INA GROUP, LLC,

      Plaintiff,

v.

NATHUBHAI PATEL, et al.,

      Defendants.

Case No.: 1:18-cv-733

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's December 3, 2018 Report and Recommendation ("R&R"). (Doc. 6). In her R&R, the Magistrate Judge recommends that: (1) Defendant Denise Harrison's *pro se* Petition for Removal (Doc. 4) be denied; (2) Plaintiff's Motion to Remand (Doc. 2) be granted; and (3) this matter be remanded to the Hamilton County, Ohio Court of Common Pleas. The Magistrate Judge further recommended that the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting the R&R would not be taken in good faith, and therefore recommended that the Court deny Harrison leave to appeal *in forma pauperis*.

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Defendant Denise Harrison filed *pro se* written objections to the R&R in a timely matter. (Docs. 7 & 8). Plaintiff Ina Group, LLC filed a response to Harrison's objections. (Doc. 9).

For the reasons stated below, the Court **OVERRULES** Defendant Harrison's objections; and the Magistrate Judge's December 3, 2018 R&R is **ADOPTED** in its entirety.

I. **Background**

Harrison filed a *pro se* Notice of Removal in this Court. Harrison claims to be a party of interest in the sale of property owned by Plaintiff, Ina Group, LLC that was subject to a foreclosure action in the Hamilton County Court of Common Pleas. After the property was sold to a third party at a sheriff's sale, Harrison filed a motion to intervene. Harrison was permitted to intervene but failed to redeem the property from the sheriff's sale. The property was sold on July 28, 2018 at a second sheriff's sale to a third-party purchaser. When Harrison filed her Notice of Removal with this Court, the state court was prevented from finalizing the state foreclosure action. The Magistrate Judge concluded that this matter should be remanded back to state court.

II. **Analysis**

When proper objections to a report and recommendation are received, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon review, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Court finds no error in the Magistrate Judge's conclusion that Plaintiff's Motion to Remand should be granted.

Any civil case filed in state court may be removed to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal court has original subject matter jurisdiction over two types of actions: (1) those actions raising a federal question, pursuant to 28 U.S.C. § 1331; and (2) those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees, pursuant to 28 U.S.C. § 1332. A party who removes a case to federal court bears the burden of showing that removal was proper. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removal petition is to be strictly construed, with all doubts resolved against removal. *Id.* (citing *Wilson v. USDA*, 584 F.2d 137, 142 (6th Cir. 1978)).

In her Notice of Removal, Harrison stated that removal was based on "lack of due process of law." In her objections, Harrison states that she is asserting a claim under 42 U.S.C. § 1983 and cites caselaw supporting the proposition that state government officials can be sued under § 1983. Harrison also seems to claim that jurisdiction is proper in this Court based upon diversity of citizenship.

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." However, Harrison's removal petition failed to obtain consent from all of the defendants. "Failure to obtain unanimous consent forecloses the opportunity for removal under [28 U.S.C.] Section 1446." *Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003). Moreover, 28 U.S.C. § 1446(b) generally requires removal within thirty days of service of the initial pleading. As the Magistrate

Judge explained, Harrison's removal was untimely because Harrison first appeared in the state court action in 2017, but did not file her notice of removal until October of 2018. Therefore, there is no basis to find that removal was proper based upon diversity of citizenship.

With regards to federal question jurisdiction, this Court lacks jurisdiction under the removal statutes to consider the state foreclosure matter. *See Bank of Am., NA v. Smith*, No. 1:13CV598, 2013 WL 5521787, at *2 (S.D. Ohio Oct. 3, 2013) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)). While Harrison has a reference to due process in her Notice of Removal and cites 42 U.S.C. § 1983 in her objections, Harrison is an intervening party and these claims are absent in the Complaint (Doc. 5). "*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that allegations in a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). However, *pro se* litigants must still comply with all procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). If Harrison intended to bring a claim against a state government official in this matter, she must file a formal pleading to bring a § 1983 claim. Asserting a federal claim in the Notice of Removal or the objections to a Magistrate's R&R is not sufficient. *Accord Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (federal claim asserted by the defendant in the notice of removal did not confer federal court jurisdiction). Therefore, removal was not proper based upon federal question.

Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction. Accordingly, there is no error in the Magistrate Judge's conclusion that Plaintiff's Motion to Remand should be granted.

### III. Conclusion

Based on the foregoing, the Magistrate Judge's December 3, 2018 R&R (Doc. 6) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Defendant's Petition for Removal (Doc. 4) is **DENIED**;

2. Plaintiff's Motion to Remand (Doc. 2) is **GRANTED;**

3. This matter is remanded to the Hamilton County, Ohio Court of Common Pleas;

4. Pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith; and Defendant Harrison is therefore **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT